### Albert L. Murdock *vs.* Josiah Caldwell.

If a written agreement has been executed by one person only, by which he agreed to deliver to another, upon the formation of a coal company, and when the certificates should have been issued, a certain amount of the stock of the company, and the agreement recites that the person who was to receive the stock agreed, in consideration thereof, to sell a certain amount of the stock of the company at a specified valuation, and collect payment therefor, a declaration in an action against the signer of the agreement is demurrable, which does not allege that there was a consideration for the defendant's promise, or that the company has been formed, the certificates issued, or the stipulated amount of stock sold and payment therefor collected by the plaintiff.

Contract. The declaration was as follows :

" And the plaintiff says that he and the defendant entered into a contract together, a copy whereof is annexed ; and the plaintiff has always been ready to perform the contract on his part, but the defendant has disabled himself from performing said contract, and has prevented the plaintiff from performing the same.

"(Copy of Contract.)

" Boston, May 23, 1863. I do hereby agree to deliver to Albert L. Murdock, upon the formation of the Lorberry Coal Company, when the certificates are issued, thirty-five thousand dollars in the stock of said company, at *pro rata* of $250,000 valuation ; and he does, in consideration of the delivery of said stock, agree to sell and collect $50,000 of said stock upon the value above referred to, viz. $250,000 ; and he is to receive a reduction *pro rata* from said $35,000, if he falls short of that amount, $50,000, in cash subscriptions ; this stock to be sold and paid for by the 25th of June 1863, if the company is formed by that date. Josiah Caldwell."

The defendant filed a demurrer, assigning the following causes :

" 1. Because the plaintiff does not allege in his said declaration that he has ever performed his part of the contract annexed to said declaration, and made a part thereof, or any excuse for such non-performance ; 2. Because the plaintiff does not allege in his said declaration that the defendant has committed a

breach of said contract, or refused to perform his part of the same; 3. Because the plaintiff does not allege in his said dec laration, nor does it appear by said contract, that there was any consideration for the defendant's entering into the same; 4. Because the defendant had the right, under said contract, to annul the same at any time before performance by the plaintiff of his part of said contract; 5. Because the defendant had the right, under said contract, to disable himself from performing said contract, and to prevent the plaintiff from performing the same."

The case was reserved in this court for the determination of the whole court.

*C. W. Huntington,* for the defendant.

*W. S. Leland,* for the plaintiff.

CHAPMAN, J.* By Gen. Sts. *c.* 129, § 2, a plaintiff is allowed to omit all averments which the law does not require to be proved, and to set forth the substantive facts necessary to constitute the cause of action with substantial certainty, and without unnecessary verbiage. In declaring on a written instrument, he may, among other methods of declaring, set out a copy, with proper averments to describe the cause of action.

The plaintiff in this action declares on a contract not under seal, and annexes a copy. But as the copy is signed by the defendant only, and purports to be merely his agreement with the plaintiff, and as the declaration merely avers that the parties entered into that contract, there is no proper averment of a consideration. It is true that the contract of the defendant states certain things that the plaintiff has agreed to do; but it contains no promise of the plaintiff to do them, and there is no averment that he made such promise. His promise, if it constituted the consideration, should have been set forth with substantial certainty; for it is one of the substantive facts necessary to be proved.

If the consideration were set forth, the declaration would still be defective. The defendant's promise is not absolute, but was to be performed only upon the organization of the coal

---

* HOAR, J. did not sit in this case.

company, the issuing of certificates, the sale of a certain amount of the stock, and the collection of payment therefor by the plaintiff. It is not averred that any of these conditions were performed. It is alleged that the defendant has disabled himself from performing the contract, and has prevented the plaintiff from performing the same; but no substantive act of the defendant is set forth in support of either of these allegations. The acts done by the defendant are the matters to be proved, and whether they operated to disable the defendant from performing his contract, or to hinder the plaintiff from performing his contract, is a conclusion of law. The first and third causes of demurrer, being well alleged, are sustained.